United States District Court
Southern District of Texas
**ENTERED**
May 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WM ROBERSON | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:17–CV–00190 |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| STEVE LEVA, and | § | |
| JEFFRY B. LEWIS | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

All dispositive pretrial motions in this case have been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). (Dkt. 55). Pending before the Court is Defendant Jeffry B. Lewis's Motion to Dismiss ("Lewis's Motion to Dismiss") (Dkt. 27) and Trustee's Motion to Dismiss Pursuant to Section 51.007(c) of the Texas Property Code ("Trustee's Motion to Dismiss") (Dkt. 28). Having considered the motions, the response, and applicable law, the Court RECOMMENDS that Lewis's Motion to Dismiss and Trustee's Motion to Dismiss be GRANTED.

### I. BACKGROUND

Plaintiff WM Roberson ("Roberson") originally filed this suit in the 149th Judicial District Court of Brazoria County, Texas against Defendants the Bank of New York Mellon ("BONY"), Steve Leva ("Leva"), and Jeffry B. Lewis ("Lewis"). BONY removed the case to this Court on the basis of diversity jurisdiction.

In his First Amended Petition, Roberson complains about the foreclosure process utilized at 3030 Valley Court, Manvel, Texas 77578 (the "Property"). Roberson's aunt, Clementine Sanders ("Sanders"), obtained title to the Property back in 2003. In 2007, Sanders took out a reverse mortgage and executed an adjustable rate note in favor of Financial Freedom Senior Funding Corporation. As security for the note, Sanders executed a deed of trust encumbering the Property. The deed of trust was recorded in the Real Property Records of Brazoria County, Texas and subsequently assigned to BONY. In June 2015, Sanders passed away intestate. On August 31, 2015, Roberson purportedly purchased the Property by cash warranty deed from Sanders's children.

Reverse Mortgage Solutions, Inc. ("RMS"), as servicer for BONY, retained the law firm Robertson Anschutz Vetters to prosecute a foreclosure on the Property. Lewis is the Managing Attorney for Robertson Anschutz Vetters's Default Services Department. On June 7, 2016, Lewis filed suit to foreclose on the Property on behalf of RMS. In January 2017, Leva, as substitute trustee, conducted a non-judicial foreclosure of the property.

In this lawsuit, Roberson asserts a laundry list of claims against the defendants, including wrongful foreclosure, breach of contract, civil conspiracy, and tortious interference with prospective business relations.

## II. FED. R. CIV. P. 12(b)(6) STANDARD

Fed. R. Civ. P. 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts

2

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 545). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558) (internal quotation marks omitted). In determining whether a defendant has been improperly joined, "the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citation omitted).

### III. DISCUSSION

#### A. TRUSTEE'S MOTION TO DISMISS

Trustee's Motion to Dismiss argues that Leva must be dismissed from this case pursuant to Section 51.007(c) of the Texas Property Code. Section 51.007(a) of the Texas Property Code provides that a trustee named in a lawsuit "may plead in the answer that the trustee is not a necessary party ...." TEX. PROP. CODE ANN. § 51.007(a). The

3

denial must be verified and state the trustee's reasonable belief that he was named as a party solely in his capacity as a trustee under a deed of trust, contract lien, or security instrument. *Id.* Once a verified denial has been filed, Section 51.007(b) provides that "[w]ithin 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial." § 51.007(b). If a party fails to file a verified response or objection within thirty days, "the trustee **shall** be dismissed from the suit or proceeding without prejudice." § 51.007(c) (emphasis added).

Leva's First Amended Answer and Verified Denial, filed on September 26, 2017, asserts that he was named solely in his capacity as substitute trustee under a deed of trust. The verified pleading states, in relevant part:

> Trustee is not a necessary party to this suit. Since Trustee has no other connection with this property, Trustee reasonably believes that Trustee was named as a party solely in his capacity as a trustee under a deed of trust or security agreement. Trustee is not liable in the capacity in which he has been sued.

(Dkt. 8 at 1). Since Leva filed a verified denial as required by Section 51.007(a), Roberson needed to provide a verified response within 30 days. § 51.007(b). Roberson did not do so. Roberson did file a Verified Response to Motion to Dismiss, but that did not occur until February 20, 2018—117 days late. The Texas Property Code does not give courts the discretion to permit a late filing—dismissal is mandated. § 51.007(c). Therefore, pursuant to Section 51.007(c) of the Texas Property Code, this Court recommends that Trustee's Motion to Dismiss be granted and Leva dismissed without prejudice from this lawsuit based on Roberson's failure to timely file a verified response

4

to the answer containing the verified denial. *See WAMCO XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F. Supp. 2d 655 (N.D. Tex. 2004) (dismissing substitute trustee due to plaintiff's failure to respond to verified denial within 30 days, pursuant to Section 51.007(c)); *White v. Wells Fargo Bank, N.A.*, No. 3:09-CV-1266-B, 201 WL 2816818, at *2 (N.D. Tex. July 14, 2010) (dismissing trustees named on deed of trust from action due to plaintiff's failure to respond to trustees's verified denial, pursuant to Section 51.007(c)).

### B. LEWIS'S MOTION TO DISMISS

In his motion to dismiss, Lewis asserts that he was improperly joined because he is protected by qualified immunity as the lawyer who prosecuted a foreclosure on the Property. Under Texas law, lawyers are, for public policy reasons, generally immune from suit by their adversaries for actions taken in the course of representing a client. *See Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 287 (Tex. App.—Fort Worth 1997, writ denied) (quoting *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App.—Dallas 1910, writ ref'd)). "An attorney's duties that arise from the attorney-client relationship are owed only to the client, not to third persons, such as adverse parties." *Renfroe*, 947 S.W.2d at 287. It is axiomatic that an attorney acting in his representational capacity in a foreclosure proceeding is protected by qualified immunity. *See Lassberg v. Bank of America, N.A.*, 660 F. App'x 262, 267 (5th Cir. 2016) ("As [the attorney] was acting in a representational capacity, we find [he] is protected by qualified immunity and was therefore improperly joined."); *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014) ("We have previously held that [an attorney] has immunity for [his] acts

5

as foreclosure counsel.") (citing *Iqbal v. Bank of America, N.A.*, 559 F. App'x 363, 365–66 (5th Cir. 2014)).

In his Amended Petition, Roberson alleges Lewis filed suit to foreclose on the Property on June 7, 2016. Roberson contends Lewis refused to "timely and properly serve an original copy of the citation and complaint to [Roberson]" and, as a result, deprived Roberson of due process and his constitutional right to reasonable notice and hearing. (Dkt. 26 at 8). Roberson further alleges Lewis committed fraud when he filed the foreclosure suit because Lewis falsely stated that "(a) an affidavit or notice was served under Tex. R. Civ. P. 736.1(d)(6), and/or (b) that [Lewis] duly sought a court order to foreclose on the [Property] under 736.8." (Dkt. 26 at 15). Finally, Roberson contends Lewis was party to a conspiracy because Lewis refused to serve Roberson with an original copy of the deed of trust.

Importantly, all of Roberson's claims against Lewis are directly related to Lewis's representation of RMS in the foreclosure proceedings. Roberson has pled no facts which would suggest that Lewis acted outside the scope of representation of his client. Lewis proceeded with a non-judicial foreclosure on behalf of his client, acting as servicer for BONY, and Lewis then recorded a copy of the foreclosure deed with real property records. As such, this Court finds Roberson has no reasonable basis for recovery and

recommends that Lewis's Motion to Dismiss be GRANTED and Lewis be DISMISSED with prejudice from this lawsuit.[1]

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Lewis's Motion to Dismiss (Dkt. 27) be GRANTED **with prejudice**. The Court also RECOMMENDS that Trustee's Motion to Dismiss (Dkt. 28) be GRANTED **without prejudice**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 7th day of May, 2018.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Roberson requests an opportunity to amend his pleadings, but he has already been afforded one opportunity to cure pleading deficiencies by filing an amended petition. Accordingly, this Court recommends that Roberson's request to further amend his petition be denied.